UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Case No. 2:22-cr-52

Michael D. Valentine,

Judge Michael H. Watson

Defendant.

### OPINION AND ORDER

The Court sentenced Defendant to concurrent terms of 120 months' imprisonment and five years' supervised release after Defendant pleaded guilty to one count of conspiring to distribute and possess with intent to distribute fentanyl, three counts of distributing fentanyl, and one count of possessing with intent to distribute fentanyl. Judgment, ECF No. 50. Defendant now moves for a sentence reduction pursuant to Amendment 821 of the United States Sentencing Guidelines, which affected Guideline § 4A1.1 and added Guideline § 4C1.1. ECF No. 68.

The Court has limited authority under 18 U.S.C. § 3582(c) to modify an imposed sentence.

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant argues he is entitled to retroactive application of the amendment to § 4A1.1. ECF No. 68. When his criminal history points are adjusted, he further contends, he is entitled to a two-level zero-point offender reduction pursuant to a retroactive application of § 4C1.1(a)(2). For the following reasons, Defendant's motion is **DENIED**.

As a threshold matter, Defendant is correct that both parts of Amendment 821 are retroactive. U.S.S.G. § 1B1.10(d); *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *2 (6th Cir. Dec. 10, 2024) ("The Commission made Amendment 821 retroactive." (citations omitted)); *United States v. Logan*, No. 24-3759, 2025 WL 1294906, at *2 (6th Cir. May 5, 2025) ("The Commission also made the amendment adding § 4C1.1(a) retroactive . . . .").

But Defendant was assigned zero criminal history points in the Presentence Investigation Report and ultimately by the Court, so no adjustment is warranted under the amendment to § 4A1.1. PSR ¶ 46, ECF No. 41; Tr. 11:12–14, 23–24, 15:2–3, ECF No. 59.

The next question is whether, given that Defendant had zero criminal history points, § 4C1.1 retroactively entitles him to a two-level reduction in his offense level. That provision directs courts to decrease by two the offense level of defendants who have zero criminal history points and meet eleven other requirements. The seventh requirement provides "the defendant did not possess

. . . or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense." U.S.S.G. § 4C1.1(a)(7).

Here, the Court found that Defendant possessed guns when he committed his drug trafficking offense and therefore enhanced his offense level by two points pursuant to Guideline § 2D1.1(b)(1). PSR ¶¶ 28–29, ECF No. 41; Tr. 11:12–14, 12:16–13:12, ECF No. 59. Defendant failed to preserve the issue at sentencing, and he voluntarily dismissed his appeal with the United States Court of Appeals for the Sixth Circuit, so that enhancement stands. Although Defendant distinguishes the standards for an enhancement under § 2D1.1(b)(1) and a reduction under § 4C1.1[1] and maintains he did not possess the guns in connection with his drug trafficking offense, see ECF No. 68 at PAGEID # 279, the Court finds Defendant possessed the guns in connection with his drug

---

[1] The Court assumes the standards are different. Cf. United States v. Thomas, No. 23-5010, 2024 WL 182324, at *2 (6th Cir. Jan. 17, 2024) (noting inconsistency within the Circuit as to whether application of an enhancement under § 2D1.1(b)(1) automatically prohibits a reduction under § 5C1.2); United States v. Cooper, No. 1:18-cr-97-4, 2024 WL 3093575, at *3 (E.D. Tenn. June 20, 2024) (explaining § 4C1.1 was based, in part, on § 5C1.2 and that the standards under § 4C1.1 and § 2D1.1(b)(1) differ).

The Court further notes that it found that Defendant was not entitled to the safety valve and that, therefore, a mandatory minimum sentence existed for Counts 1 and 5. Tr. 10:9–10, ECF No. 59. The existence of a mandatory minimum, alone, precludes relief. U.S.S.G. § 1B1.10(a)(2)(B); id. comment. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); United States v. Martinez, No. 2:15-CR-DCLC-CRW, 2024 WL 2121565, at *1 (E.D. Tenn. May 10, 2024). The Court undertakes the analysis simply to demonstrate that, even without the mandatory minimum, Defendant is not entitled to relief.

trafficking offense, as the Government argued at sentencing, Tr. 10:16–18, ECF No. 59 ("I understand he is now stating that he's using these AR-15s for hunting but I think in this case it's also obvious that he's using these AR-15s to protect his product."). Indeed, the Court notes again that one of the guns was located on a rack in the basement near another table holding Ziploc baggies and a white powdery substance that yielded a positive identification by the narcotics canine but was never field tested. PSR ¶ 14, ECF No. 41; Tr. 12:16–13:3, ECF No. 59.

In sum, despite Defendant's protestation to the contrary, requirement (7) of § 4C1.1 is lacking, and he does not qualify for an adjustment to his offense level. His Guidelines range therefore has not been lowered, so he does not qualify for a sentence reduction under § 3582(c)(2). The Clerk shall terminate ECF No. 68 as a pending motion.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT